MoKinney, J.,
delivered the opinion of the Court.
This tvas an action of ejectment, brought by Tipton against Sanders. Judgment Avas for the defendant.
The question for our determination, is one of title. The plaintiff claims under a grant to him or 1200 *692 acres of land, lying in Obion county, issued on the 1st day of January, 1856. This grant is founded on an entry made by Tipton on the 4th day of August, 1849, which purports on its face to be a consolidation of six occupant extension entries, (of which he was assignee,) made on the 19fch day of October, 1840.
The defendant sets up claim to 140 acres of the land covered by the plaintiff’s title, under a grant to Parham and Woodring, issued on the 10th of November, 1849, and founded on an entry made on the 7th of July, 1847.
The Circuit Judge instructed the jury, that the plaintiff’s grant was void, so far as it interfered with the grant under which the defendant claimed; on the ground, -•as said in the argument, of the interval between the .■acts of 1849-50, and 1851-2, extending the time for perfecting titles to lands previously entered, south and ■west of the congressional reservation line.
By the act of 1849-50, ch. 188, the time was ex-fended “until the first day of September, 1851.” The act of 1851-2 was passed on the 13th of November, 1851. It provides: “ That the enterers of land in any of the land offices in this State, and the assignees of tsuch entries, shall have time until the first day of March, 1854, to have their entries surveyed and granted.” And by the act of 1853-4, ch. 24, sec. 1, passed on the :20th December, 1853, it is enacted, “ That enterers of ;land in any of the land offices in this State, and the assignees of such enterers, shall have time until the first • day of April, 1856, to have their entries surveyed and .granted.”
.It will be observed, from the dates of these acts, *693 that there was a period of time, from the 1st of September, 1851, to the 13th of November of the same year, not covered by any -act for extending the time for perfecting titles to lands previously entered. And by reason of this intermission, it is assumed, that the relation of the plaintiff’s grant to the occupant extension entries on which it is, in law, grounded, was cut off; and thereby, it is supposed, the defendants younger entry became valid, and the grant issued thereon an indefeasible title.
This conclusion is entirely erroneous. The title of the plaintiff, under his consolidated entry and the grant founded thereon, relates to the date of the occupant extension entries, made on the 10th of October, 1840, by force of the act of 1846, ch. 80, and other statutory enactments of similar import. And notwithstanding the consolidation entry was not surveyed until the 9th of March, 1855, nor a grant obtained until the 1st of January, 1856, the validity of the title is not impaired.
What would have been the result, if the defendants’ entry had been made during the interval which occurred between the 1st of September, and the 13th of November, 1851, we need not stop to inquire. Be this as it may, it is very clear, that the effect of the acts of 1851-2, and 1853-4, above recited, was to resuscitate the right, and prolong the time for perfecting the plaintiff’s title to a period beyond the date of his grant; and it is no less clear, that, as against all persons who acquired no intervening right, during such interval, the title of the plaintiff is as perfect as if no interval had occurred.
The idea, that the .defendants’ entry and grant, *694 though inoperative before, took effect instantly, on the happening of the accidental intermission in the extension law, is altogether fallacious. This could not be so, for the simple reason, that both the entry and grant, in their inception, were mere nullities. The entry was made on the 7th of July, 1847, long prior to the expiration of the time limited by the act of 1849-50, for making a survey and obtaining a grant, by the plaintiff ; and directly in the face of the statute, forbidding an entry to be made of any lands to which another, at the time, had an existing occupant or pre-emption right; and declaring such entry, and the grant obtained thereon, to be void. And being thus void ab initio, nothing short of the sovereign power of the Legislature could impart to such entry and grant any legal effect.
Upon this point,' the case of Sampson v. Taylor, 1 Sneed, 600, is not at variance with our present determination.
The objection, that the plaintiff’s grant is unavailing for want of proof of the transfer to him of the occupant entries upon which the consolidated entry and grant are based, .is not tenable.
The statutes prescribed the mode by which the transfer and ownership of the occupant claims or entries might be established before the entry-taker. And after the issuance of a grant, it will be presumed, when the title comes collaterally in question in a Court of Law, that all the preliminary steps necessary to the making of the entry, and obtaining the grant, were regularly pursued.
Judgment reversed.